UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL DAVENPORT**                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 22-23-JWD-EWD**

**BATON ROUGE POLICE DEPARTMENT**

### ORDER AND JUDGMENT OF DISMISSAL

Chrishendral Davenport ("Plaintiff"), who is representing herself, filed this lawsuit against the Baton Rouge Police Department in January 2022.[1] In June 2022, the Court received a letter from a care coordinator at Baton Rouge General that Plaintiff had been hospitalized on March 24, 2022, and would require inpatient therapy at a rehabilitation hospital upon her discharge.[2] In October 2022, Plaintiff was granted permission to proceed in this case without prepayment of costs, however, service on the defendant was withheld.[3] Because several months had passed without any filings by Plaintiff or updates on the status of her condition, in November 2022 the Court ordered Plaintiff to file a Notice with the Court explaining whether she was able to proceed with her case.[4] Plaintiff timely responded that she was still in a rehabilitation hospital but intended to continue with her case once she became stable, which she anticipated would be "around March [2023]."[5] Based on this information, the Court issued an Order on December 2, 2022, staying and administratively closing the case and instructing Plaintiff to file a Notice by April 3, 2023, advising whether she was prepared to proceed with her case.[6] Plaintiff never responded.[7]

---

[1] R. Doc. 1. The Complaint seeks damages for the alleged warrantless search of her home by Baton Rouge Police Department officers.
[2] R. Doc. 6.
[3] R. Doc. 7.
[4] R. Doc. 8. The Order was issued on November 7, 2022, and required a response by November 30, 2022.
[5] R. Doc. 9.
[6] R. Doc. 10.
[7] While Plaintiff never responded to the Court's December 2, 2022 Order in the present case, Plaintiff filed a new and

1

After almost a full year with no action in the case, on November 1, 2023 the Court issued an Order to Show Cause, directing Plaintiff to file a Notice by November 30, 2023 stating whether she was prepared to proceed. The Court informed Plaintiff that she could alternatively file a notice of voluntary dismissal if she did not want to proceed with the case. The Order expressly warned Plaintiff that, "[f]ailure to timely respond may result in dismissal of the claims in this case without further notice."[8] The Order was sent to Plaintiff via certified mail, return receipt requested, and was delivered to Plaintiff's address on November 4, 2023.[9] Plaintiff never responded to the Court's November 1, 2023 Show Cause Order.

This case has been at a virtual standstill since the Court first received notice of Plaintiff's hospitalization in June 2022. More than two years have passed since Plaintiff first filed her Complaint, yet the case has not even advanced to the point of service on the defendant. Plaintiff has failed to comply with the last two Orders of this Court, and she has also failed to provide the Court with any explanation for her non-compliance, or to seek additional time, even though the Court expressly warned Plaintiff that failure to timely respond could result in the dismissal of the case.[10] As Plaintiff has not taken any action for over a year, she has failed to prosecute her case.[11]

Federal Rule of Civil Procedure 41(b) provides that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil

---

unrelated case in this Court in August 2023. *Chrishendral C. Davenport v. State Farm Insurance*, No. 23-1248 (M.D. La. Aug. 29, 2023) (filing suit against her homeowners insurance carrier, disputing the adjustment of her Hurricane Ida-related claim). Plaintiff also failed to timely respond to a Court Order in the new case. No. 23-1248, R. Doc. 11.

[8] R. Doc. 11.
[9] R. Doc. 12.
[10] R. Doc. 11, p. 2.
[11] *See, e.g., Triplett v. Society, Inc.*, No. 20-647, 2023 WL 3575656, *4 (M.D. La. Mar. 31, 2023), report and recommendation adopted, No. 20-647, 2023 WL 3573890 (M.D. La. May 17, 2023).

Procedure or any order of the court.[12]   A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[13]

As Plaintiff has failed to prosecute her case for over a year and has failed to comply with two Court Orders, despite notice that failure to comply might result in dismissal of her case,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the above-captioned proceeding be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for the failure of Plaintiff Chrishendral Davenport to prosecute her case and failure to comply with Court Orders.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiff Chrishendral Davenport by regular and certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on March 18th, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] *See Williams v. Terrebone Parish Sheriff's Office*, No. 04-1169, 2007 WL 3274874, *1 (E.D. La. Nov. 6, 2007).
[13] *Jones v. Spears*, No. 23-732, 2023 WL 7171457, *1 (M.D. La. Oct. 30, 2023).